### SMITH et al. v. FERRELL et ux. *
### No. 9440.

Court of Civil Appeals of Texas. Galveston.
June 13, 1930.

Rehearing Denied July 3, 1930.

---

*Writ of error granted.

W. J. Howard, of Houston, for appellants.

J. W. Lockett, of Houston, for appellees.

LANE, J.

On the 7th day of May, 1925, Mrs. R. E. Smith and husband, R. E. Smith, filed suit in the Eleventh district court of Harris county, Tex., against B. W. Ferrell and wife, L. L. Ferrell, to recover title and possession of a tract of land, in the petition of the plaintiffs described as a part of the Amos Barber survey, and bounded by beginning at the southwest corner of the Amos Barber survey; thence north 32 degrees west 3,292 feet to a graded road; thence eastwardly along such road 75 feet; thence at right angles to such road and south 31 degrees 50 minutes west 3,-292 feet to the south line of the Amos Barber survey; thence south 58 degrees west 64 feet to the southwest corner of the Amos Barber survey, the place of beginning.

On the 20th day of October, 1927, more than two years after such suit was filed, a judgment was rendered and entered in said suit purporting to be a judgment entered by agreement of the parties to the suit, in which it is recited as follows:

"Be it remembered that on this the 20th day of October, 1927, came on for hearing in its regular order the above styled and numbered cause when came the plaintiffs, Mrs. R. E. Smith and her husband, R. E. Smith, and came also the defendants, B. W. Ferrell and wife, L. L. Ferrell, in person and by attorneys and announced ready for trial, and a jury having been heretofore demanded by the defendants was thereupon waived, and the matters of fact as well as of law were thereupon submitted to the court, and the court was advised that an agreement had been entered into by which the defendants admitted the right of the plaintiffs to recover the land sued for, and that said suit in form of trespass to try title was for the purpose of determining the true location of the West boundary line of the Amos Barber Survey and the East boundary line of the N. K. McDuffie Survey, also known as the Washington County Railroad Company Survey, Vol. 1, No. 182, Script 121, both surveys located on the waters of Cypress Creek about sixteen (16) miles north of Houston, and the plaintiffs and defendants agreed that the true location of said boundary line was as follows:

"Beginning at a stake for the Southwest corner of the Amos Barber Survey distant 1365 varas south 58 deg. West from a pipe being the Southeast corner of Mrs. R. E. Smith's 102 acres, at which a 24 inch gum marked M P and a 20 inch pine marked X face the corner, said stake for the Southwest corner of the Amos Barber Survey has the following bearing trees, one double sweet gum South fork 14 inches marked X (old) N. 82 deg. 05′ East 19.2 feet, North fork on North and a 30 inch post oak marked E or H or X on North, X on South decayed and catfaced on Northeast side, bears South 27 deg. 30′ East 19.5 feet; thence North 32 deg. West a distance of 3199.3 feet to a county road; thence at right angles along said road Eastwardly 54.85 feet to the present fence of Mrs. R. E. Smith; thence South 32 deg. 22′ East along a fence owned by Mrs. R. E. Smith a distance of 3199.3 feet to the South line of the Amos Barber Survey; thence South 58 deg. West along the South line of the Amos Barber Survey 75.3 feet to the place of beginning; and being all of the strip of land to which the said B. W. Ferrell and wife, L. L. Ferrell, have heretofore asserted a claim as being in the N. K. McDuffie Survey but being expressly admitted to be in the Amos Barber Survey, and the property of Mrs. R. E. Smith; and in response to said agreement the court finds for the plaintiffs for the land above described and establishing the West line of the Barber Survey as contended for by plaintiffs, and that the plaintiffs, Mrs. R. E. Smith and husband, R. E. Smith, recover of the defendants, B. W. Ferrell and wife, L. L. Ferrell, the title and possession of the above described tract of land, together with all improvements thereon, and that they have issued their writ of possession and all other writs necessary to carry this judgment into effect.

"It is further ordered, adjudged and decreed that the plaintiffs recover of and from the defendants all costs in this behalf expended, for which let execution issue."

It is shown that as a fact the parties did not appear before the court in person and announce ready for trial and waive a jury theretofore demanded by Ferrell and wife, as recited in such judgment. It is shown that such judgment was rendered upon a purported agreement which was signed by Mr. and Mrs. R. E. Smith on the day the judgment was rendered and by their attorney handed to the attorney for Ferrell and wife, which read as follows:

"Know all men by these presents: That I, Mrs. R. E. Smith, of Harris County, Texas, joined herein by R. E. Smith, my husband, for and in consideration of the agreements hereinafter set out, do hereby agree with B. W. Ferrell that in the event within sixty (60) days from October 20, 1927, he pays all of the expenses incurred by me in prosecuting to judgment the suit of Mrs. R. E. Smith et al v. B. W. Ferrell et al. No. 116,375, in the District Court of Harris County, Texas, including attorney's fees, costs of court and costs of surveying, I will sell to him all improvements now occupied by him, including the house and barn and outhouses on the strip of land recently recovered by me from him. It is understood, however, that he will at once pay the costs of court and will within such sixty (60) days pay the balance due. It is understood and agreed that he will move the improvements off of the premises involved in the suit and onto land in no way connected with my property, or any part of it.

"Witness my hand this the ——— day of October, A. D. 1927."

On the 20th day of March, 1928, B. W. Ferrell and wife, L. L. Ferrell, filed suit, in the same court which rendered the judgment above mentioned, against Mr. and Mrs. R. E. Smith to have such judgment set aside and to recover from the Smiths the title and possession of a certain tract of land described in their petition as follows:

"Beginning at a pine knot stake set for one of the East corners of said Washington County Railroad Company's Survey four feet East of a marked gum tree 12 inches in diameter, which stake is also the South sometimes called the Southwest, corner of the Amos Barber Survey, which pine knot stake is what plaintiffs claim to be the South or Southwest corner of the 50 acres conveyed by O. K. Warner and wife to Mrs. R. E. Smith by deed dated March 10, 1919, and recorded in volume 418, page 251, of Harris County deed records, and from said beginning point run thence North 32 deg. West 3232 feet to a wagon thimble driven into the ground on the South side of a graded county road, which point is the North corner of said Washington County Railroad Company's Survey and the Southeast corner of the Richard B. West 160 acres Survey on the Southwest line of said Amos Barber Survey; thence South 58 deg. West 84.4 feet along the South side of said county road, which runs along the North line of said Washington County Railroad Company's Survey, to a point for corner on the South line of said road; thence South 32 deg. East 3199.3 feet, more or less, to the South line of the B. W. Ferrell tract in said Washington County Railroad Company's Survey; thence South 79 deg. 30' East 84 feet to the place of beginning, and containing within said boundaries 6.21 acres of land, and being a strip of land within said Washington County Railroad Company's Survey and off of the Northeast side thereof."

The plaintiffs' petition in the present suit contains the allegations usual in suits of trespass to try title, and also alleges title under the three, five, and ten years statutes of limitation. They directly attack the validity of the judgment rendered in the former suit between the same parties, and assert improvements in good faith. They allege that the judgment attacked is a purported judgment only, and not a final judgment; that it was not supported by any pleadings, nor by any evidence introduced in the cause; that the recitals in the purported agreement upon which the judgment in the former suit was rendered are false and untrue; that the conditions set out therein as being agreed to by them were not so agreed to by them, or either of them, or by any one by them authorized to so agree for them; that neither of them had advised the court that an agreement had been entered into between the parties, nor had they admitted the right of Smith and wife to recover the land sued for by them; that they made none of the purported admissions and agreements set forth in the purported agreement and in the judgment rendered in the former suit, but to the contrary they had at all times claimed said land sued for in the present suit and the improvements thereon as their own; that the land sued for in the present suit is not the land described by the plaintiffs in the former suit, and which was adjudged to the plaintiffs in the former suit upon the purported agreement.

They alleged that the predecessors in title of Smith and wife had agreed with Ferrell and wife that the location of the boundary line between their lands was where Ferrell and wife now claim it to be; that said purported judgment was entered by mistake; that by accident or mistake or inadvertence, counsel who represented Ferrell and wife in the former suit did not plead title by limitation, nor improvements in good faith, nor agreed boundary; that they (Ferrell and wife) had occupied the land sued for as their homestead prior to the institution of the former suit and ever since; that Mrs. Ferrell did not at any time in any manner agree or consent to the entry of any judgment in the former suit.

They further alleged:

"That B. W. Ferrell appeared in court for trial in the former suit and was ready to testify and present his defense and remained in attendance upon court, and the case was not tried nor called for trial, and no announcement was asked for, and he understood from his counsel that the case would not then be tried, and that he was excused from attendance upon the court, and that said purported judgment was thereafter entered without his presence in court, and without his knowledge and consent, and was not authorized by him; that he did not learn of the rendition of the judgment until more than 30 days after October 20, 1927, and was not notified by his coun-

sel that said case had been in any manner disposed of." That as soon as he learned of the entry of the judgment in the former suit, he (Ferrell) employed counsel to bring suit to set it aside, but as a tentative agreement of settlement had thereafter been entered into between the parties, which the Smiths later refused to carry out, he delayed the institution of the present suit.

They also alleged they had never, prior to the institution of the former suit, participated in any litigation and were not familiar with court procedure and were not advised of their rights, and did not know that a judgment could be rendered against them without a trial and a hearing of evidence and without their presence or consent; and that if the judgment rendered in the former suit is not set aside they will be deprived of their property without a trial, without their consent, and without any consideration passing to them.

Smith and wife answered by general demurrer, general denial, and by pleading the former judgment in bar of Ferrell's right to any recovery.

The case was tried before a jury upon special issues, in answer to which they, in effect, found: (1) That the west line of the Amos Barber survey was originally located on the ground at the place as contended by Ferrell and wife; (2) that William Halla, predecessor in title of Smith and wife, and B. W. Ferrell had in 1911 agreed upon a boundary line between the lands then owned by Halla, a part of which was thereafter conveyed by him to R. E. Smith, same being the land now claimed by Smith in the present suit, and the land then owned by B. W. Ferrell, which included the land sued for by Ferrell in the present suit, and that such agreed line was fixed at the place contended for as its location by Ferrell and wife in the present suit; (3) that Ferrell and wife had adverse possession in good faith of that part of the premises sued for on which their improvements are situated for at least one year before they filed the present suit, and that such improvements increased the market value of the land upon which they are situated in the sum of $1,400; that the market value of such land without such improvements is $100 per acre; (4) that Ferrell and wife had had peaceable and adverse possession of the land in controversy, cultivating, using, and enjoying it, for a period of ten years prior to the filing of the former suit by the Smiths on May 7, 1925; (5) that B. W. Ferrell did not authorize his attorney who represented him in the former suit to enter into a settlement of the then pending litigation to the effect and in the form and manner in which he did; (6) that Ferrell and wife learned of the entry of the purported judgment in the former suit on the thirty-first day after the rendition of the same.

Upon the evidence and the answers of the jury to the special issues submitted, the court rendered judgment setting aside the judgment in the former suit, which said suit is styled Mrs. R. E. Smith et vir. v. B. W. Ferrell et ux., No. 116375 on the docket of the Eleventh district court of Harris county, Tex., and also rendered judgment for B. W. Ferrell and wife, L. L. Ferrell, against Mrs. R. E. Smith and her husband, R. E. Smith, for the land sued for, together with all improvements situated thereon.

Mr. and Mrs. R. E. Smith have appealed.

Counsel for appellants in the brief for appellants admits that the findings of the jury fixing the location of the boundary line as originally surveyed between the Amos Barber and McDuffie surveys are supported by sufficient evidence, and that appellants are not here contending to the contrary, and says that appellants will confine their propositions for reversal of the judgment to questions relating to the effect of the judgment rendered in the former suit and to the issue of improvements in good faith raised by the pleading and evidence.

Appellants insist that the judgment rendered in the former suit was a valid judgment and res adjudicata of the matters and things sought to be litigated in the present suit, and that as they had pleaded the same in bar of appellees' right to recover in the present suit, the court erred in not sustaining their motion for an instructed verdict for them.

Our determination of the contention so made by appellants, adversely to them, renders it unnecessary for us to consider any other matters presented by the appeal. We shall therefore confine our discussion to that issue alone.

The allegations of the plaintiffs attacking the judgment rendered in the former suit, which we have hereinbefore substantially stated, if supported by evidence would authorize the setting aside of such judgment.

There is no contention that either Mr. or Mrs. Ferrell in person agreed with the Smiths, or any attorney or representative of their's, to settle the litigation pending by virtue of the former suit upon the terms stated in the judgment rendered in that case purporting to be an agreed judgment, and the jury has found substantially, as already stated, upon sufficient evidence, that B. W. Ferrell did not authorize his attorney to agree to the entry of a judgment embracing the terms stated in the judgment rendered in the former suit, or to consummate a settlement of the then pending litigation. They also found that neither B. W. Ferrell nor his wife learned of the rendition of such former judgment until more than thirty days after the same was rendered. There was, we think, sufficient evidence to support both of such findings. There is no

contention that Mrs. L. L. Ferrell, wife of B. W. Ferrell, who was a party defendant in the former suit and a plaintiff in the present suit, ever in person or otherwise authorized 'the settlement of the litigation instituted by Smith and wife upon the terms stated in said former judgment, or upon any other terms.

B. W. Ferrell, testifying with reference to the former suit brought by Smith and wife, said substantially that he had not agreed to any boundary lines of the land in controversy in the former suit; that he had not made the agreement stated in the former judgment, nor had he authorized any one to make the same for him; that his wife was not present on the day the purported agreement was prepared and knew nothing about the negotiations of settlement of the then pending litigation. Testifying further, he said: "Neither myself nor my wife signed any papers in reference to a compromise—my wife wasn't even present. I never authorized Mr. Walton (his attorney) to agree to give Mrs. Smith a judgment for the land she was claiming, which included my improvements. * * * I never did agree to that."

We think that when the testimony of B. W. Ferrell is considered as a whole it is sufficient to support a finding that he neither agreed to the settlement as stated in the former judgment, nor authorized any one to make the same for him.

We think, under the evidence adduced and the verdict of the jury, the court properly rendered judgment setting aside the former judgment, and in view of the admission of appellants that the findings of the jury fixing the location of the boundary line as originally surveyed between the Amos Barber and the McDuffie surveys are supported by sufficient evidence, and that they are not here contending to the contrary, in which admission we concur, the judgment for appellees was properly rendered, and therefore it is in all things affirmed.

Affirmed.